United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 14-15512-jkf
Dalton E. Norman                                                Chapter 13
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 1               Date Rcvd: Aug 31, 2018
                              Form ID: 3180W           Total Noticed: 14
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2018.
db            +Dalton E. Norman,    7407 Gerogian Road,    Philadelphia, PA 19138-2223
13408526       CitiMortgage, Inc.,    P.O. Box 688971,    Des Moines, IA 50368-8971
13375915       Granite State Management & Resources,     PO Box 3420,    Concord NH 03302-3420
13872480      +MidFirst Bank,    Bankruptcy Department,    999 NW Grand Boulevard, #110,
                Oklahoma City, OK 73118-6051
13393266      +TD BANK USA, N.A.,    C O WEINSTEIN, PINSON, AND RILEY, PS,     2001 WESTERN AVENUE, STE 400,
                SEATTLE, WA 98121-3132

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: megan.harper@phila.gov Sep 01 2018 01:50:14     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept.,    1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 01 2018 01:49:29
                Pennsylvania Department of Revenue,     Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 01 2018 01:50:08     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13424392      +EDI: CITICORP.COM Sep 01 2018 05:38:00      Citibank, N.A.,    701 East 60th Street North,
                Sioux Falls, SD 57104-0493
13352684       EDI: DISCOVER.COM Sep 01 2018 05:38:00      Discover Bank,    DB Servicing Corporation,
                PO Box 3025,    New Albany, OH 43054-3025
13344356       EDI: IRS.COM Sep 01 2018 05:38:00     Department of the Treasury,    Internal Revenue Service,
                P.O. Box 9052,    Andover, MA 01810-9052
13427729       EDI: PRA.COM Sep 01 2018 05:38:00     Portfolio Recovery Associates, LLC,    POB 41067,
                Norfolk VA 23541
13351993       EDI: TFSR.COM Sep 01 2018 05:38:00     Toyota Motor Credit Corporation (TMCC),    PO BOX 8026,
                Cedar Rapids, Iowa 52408-8026
13400528       EDI: ECAST.COM Sep 01 2018 05:38:00      eCAST Settlement Corporation, assignee,
                of Citibank (South Dakota), N.A.,    POB 29262,    New York, NY 10087-9262
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2018                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 30, 2018 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    MIDFIRST BANK bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Dalton E. Norman dmo160west@gmail.com,
               davidoffenecf@gmail.com
              KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    CITIMORTGAGE, INC. mwaldt@milsteadlaw.com,
               bkecf@milsteadlaw.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R   ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com
                                                                                              TOTAL: 9
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Dalton E. Norman** | Social Security number or ITIN  **xxx–xx–9783** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **14–15512–jkf**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Dalton E. Norman

<u>8/30/18</u>

**By the court:**    <u>Jean K. FitzSimon</u>
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

 ♦ debts that are domestic support obligations;

 ♦ debts for most student loans;

 ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**